CATHERINE F. BREW, as Executrix of MONA B. SEIDL, Deceased, Appellant, v. HENRY BEHRENHOFF, Respondent.— No opinion. Carswell, Adel and Taylor, JJ., concur; Close, P. J., and Lewis, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: This action is for the wrongful death of plaintiff's testatrix resulting from injuries sustained when she was struck by defendant's automobile while crossing Queens Boulevard near 41st Street, Queens County. In our opinion, the jury's verdict in favor of defendant, insofar as it may be based on a finding that defendant was not negligent, is against the weight of the credible evidence. By defendant's own testimony he was exceeding the speed limit. The skid marks 112 feet in length made by defendant's car on the highway and the fact that the impact of the front headlight, the only portion of the front of the car that came in contact with the body of plaintiff's testatrix, was so forceful that it lifted her body clear of the front of the car and cast it upon the hood, establish beyond a doubt that he was traveling at an excessive and dangerous rate of speed. The jury's verdict, insofar as it may be based on a finding that plaintiff's testatrix was guilty of contributory negligence, is also against the weight of the credible evidence. Plaintiff's testatrix was walking from north to south. She had reached a point within nine or ten feet of the south curb when she was struck. Defendant was traveling in an easterly direction. It is thus established that when she started to cross the roadway (which was forty-two feet in width) defendant's car must have been several hundred feet away from her. The court charged the jury that its verdict must be in favor of defendant if it were found that the accident did not happen substantially as testified to by plaintiff's witnesses or that it did happen substantially as testified to by defendant's witnesses. This charge was not excepted to, but was erroneous. In view of the circumstances present here, a new trial should be granted in the interests of justice.

JOHN J. CAHILL, Respondent, v. CITY OF NEW YORK, Appellant.— Close, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

W. A. CASE & SON MANUFACTURING COMPANY et al., On Behalf of Themselves and All Other Creditors of CHARLES LOUGHLIN, INC., Similarly Situated, Appellants, v. NATIONAL BANK OF FAR ROCKAWAY, Respondent, et al., Defendants.— No opinion. Present — Close, P. J., Hagarty, Johnston, Taylor and Lewis, JJ.